■ LAWRENCE LUBY, Respondent, v CHAIM BABAD et al., Appellants.—Order and judgment (one paper), Supreme Court, New York County (William J. Davis, J.), entered on or about February 8, 1990, which, *inter alia,* granted plaintiff's CPLR 3212 motion for summary judgment, directing specific performance of the delivery of shares of stock and a proprietary lease to a cooperative apartment, unanimously affirmed, without costs.

Plaintiff is a rent-stabilized tenant in a residential apartment building that was converted to cooperative ownership by the defendants. Plaintiff was initially given the right to purchase his apartment at an insider price pursuant to a first amendment to an offering plan. The Attorney-General's regulation (13 NYCRR 18.1 [d]) requires that service of such an amendment be made by mail or by personal service. Here, the defendants chose to attempt personal service, by service of a copy of the amendment upon a woman who, although living in the plaintiff's apartment, was not his wife, had never held herself out as his wife, and had never been a tenant of record in the apartment.

The IAS court properly concluded that personal service of the amendment had not been effected. Strict construction of the word "tenant" in the applicable regulation to include actual tenants of record is consistent with the plain meaning of the regulation *(see, Chinese Staff & Workers Assn. v City of New York,* 68 NY2d 359).

Defendants argue for the first time on appeal that they are not required to offer the apartment to the tenant because his time to purchase was extended for 30 days subsequent to the filing of the amendment pursuant to 13 NYCRR 18.5 (a) (6) (ii). We adhere to the general rules that an argument will not be heard if not raised below. In any event, we note in passing, that defendants have not joined the Attorney-General as a necessary party (CPLR 1001) and have not shown that the Attorney-General has exceeded his authority. *(Cf., Matter of Lower Manhattan Loft Tenants v New York City Loft Bd.,* 157 AD2d 611, *lv denied* 76 NY2d 704.)

We have considered defendants' remaining arguments, and find them to be without merit. Concur—Ross, J. P., Milonas, Asch, Ellerin and Rubin, JJ.